UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL J.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C22-5995-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing one medical opinion. (Dkt. # 14 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1971, has a high school diploma, and has worked as an equipment rental manager. AR at 233, 259. Plaintiff was last gainfully employed in December 2015. *Id.* at 232.

In May 2020, Plaintiff applied for benefits, with an amended alleged onset date of April 2, 2020. AR at 41, 199-203. Plaintiff's application was denied initially and on reconsideration,

ORDER - 1

and Plaintiff requested a hearing. *Id*. at 113-19, 121-30, 136-37. After the ALJ conducted a hearing in December 2021 (*id*. at 36-63), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 16-31.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. DISCUSSION

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In this case, Plaintiff challenges the ALJ's assessment of an opinion written by examining physician Derek Leinenbach, M.D. (Dkt. # 14 at 1.) Dr. Leinenbach examined Plaintiff in June 2021 and wrote a narrative report describing his physical symptoms and limitations. AR at 561-65. Dr. Leinenbach opined that Plaintiff was *inter alia* limited to four hours of standing/walking per day, due to his lumbar degenerative disc disease with sciatica. *Id*. at 564.

The ALJ found that the standing/walking limitation identified by Dr. Leinenbach was not persuasive because it was inconsistent with other evidence in the record documenting Plaintiff's normal gait, balance, and motor strength. AR at 28. The ALJ found the other parts of Dr. Leinenbach's opinion to be supported by his examination findings and consistent with the remainder of the record, and therefore persuasive. *Id*.

Plaintiff argues that the ALJ's assessment of Dr. Leinenbach's opinion is inadequate because the ALJ failed to assess the opinion's supportability, as required by regulation. (Dkt. # 14 at 6.) Plaintiff is mistaken as to the issue of supportability: as noted by the Commissioner (dkt. # 20 at 4), the ALJ found that most of Dr. Leinenbach's opinion was supported by his examination findings. *See* AR at 28. The ALJ did not purport to find Dr. Leinenbach's standing/walking limitation unsupported; the ALJ explained that he found this limitation unpersuasive because it is inconsistent with the record. *Id*. Even if an opinion is supported, it can

ORDER - 3

be properly found unpersuasive if it is inconsistent with the record. *See, e.g.*, *Woods*, 32 F.4th at 793 n.4 (affirming an ALJ's finding that an opinion is unpersuasive because it is inconsistent with the record, where the ALJ did not articulate a supportability finding).

Plaintiff's opening brief offers no specific challenge to the ALJ's consistency finding with respect to Dr. Leinenbach's standing/walking limitation. He locates his sole alleged error in the ALJ's failure to articulate a supportability finding as to the standing/walking limitation but cites no authority requiring an ALJ to assess the supportability and consistency of an opinion on a limitation-by-limitation basis. (*See* dkt. # 14 at 7.) The regulations command an ALJ to provide *one* persuasiveness finding that applies to *all* of the medical opinions of each source, and this approach undermines Plaintiff's suggestion that an ALJ must articulate a consideration of each regulatory factor for every part of a single opinion. *See* 20 C.F.R. § 404.1520c(b)(1). The ALJ found that most of Dr. Leinenbach's opinion was supported and consistent with the record, with the exception of the standing/walking limitation, which was inconsistent with the record, and the Court is aware of no authority indicating that this explanation is insufficient. The ALJ's unchallenged consistency finding supports the ALJ's conclusion that Dr. Leinenbach's standing/walking limitation is unpersuasive, and the Court therefore affirms the ALJ's assessment of this opinion.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 5th day of September, 2023.

*/s/ M.J. Peterson*
MICHELLE L. PETERSON
United States Magistrate Judge